UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**              ) <br> ) <br> v.                                                          ) <br> ) <br> **JOSHUA STEPHENSON,**                       ) <br> also known as "Migo,"                               ) <br> ) <br>              **Defendant.**                          ) | Case: 1:22-mj-00283 <br> Assigned to: Judge Upadhyaya, Moxila A. <br> Assign Date: 12/21/2022 <br> Description: COMPLAINT W/ ARREST WARRANT |

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT
### AND ARREST WARRANT

I, Joshua Rothman, a Special Agent with the Federal Bureau of Investigation being duly sworn, depose and state as follows:

1. I have been a Special Agent with the FBI for the past thirteen years, and have been stationed at the Washington, D.C. field office that entire time. I am currently assigned to the FBI Safe Streets Task Force. In that role, I am principally involved in narcotics and narcotics-related investigations, including violent offenses related to narcotics investigations. Since 2008, I have received training and experience in interviewing and interrogation techniques, arrest procedures, search and seizure, narcotics, white-collar crimes, search warrant applications, and various other crimes.

2. Since January 2015, I have been assigned to investigate federal narcotics crimes on the FBI Washington, D.C. Safe Streets Task Force, a violent crime and gang task force. In the course of my training and experience, I have become familiar with the methods and techniques associated with the distribution of narcotics, the laundering of drug proceeds, and the organization of drug conspiracies. In the course of conducting these investigations, I have been involved in the use of the following investigative techniques: interviewing informants and cooperating witnesses; conducting physical surveillance; conducting short-term and long-term narcotics and homicide

1

investigations; consensual monitoring and recording of both telephonic and non-telephonic communications; analyzing telephone pen register and caller identification system data; conducting court-authorized electronic surveillance; conducting court-authorized Title III wiretap investigations; and preparing and executing search warrants that have led to substantial seizures of narcotics, firearms, and other contraband.

3. Through my training and experience, as described above, I have become familiar with the provisions of the federal firearms laws administered under Title 18 and Title 26 of the United States Code, as well as controlled substance laws administered under Title 21 of the United States Code. I have personally conducted and participated in investigations that have resulted in the arrest and conviction of numerous individuals responsible for violations of the District of Columbia Code and United States Code including, but not limited to, narcotics and firearms offenses.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, witnesses, and agencies. This affidavit is intended to show merely that there is sufficient probable cause for the requested criminal complaint. It does not set forth all my knowledge, or the knowledge of others, about this matter.

5. Based on my training and experience and the facts as set forth in this affidavit, I respectfully submit that there is probable cause to believe that violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D) and 18 U.S.C. § 924(c)(1)(b)(i), have been committed by **JOSHUA STEPHENSON**.

## PROBABLE CAUSE

6. On December 8, 2022, the Honorable Steven M. Wellner, Associate Judge of the D.C. Superior Court signed Search Warrant 2022 CSWSLD 4417 (hereinafter "the WARRANT"), which authorized the search of 3417 15th Street Southeast, Apartment 102, Washington, D.C. (hereinafter "the RESIDENCE") for evidence of crimes allegedly committed by **STEPHENSON**. The WARRANT specifically authorized law enforcement to search the RESIDENCE for firearms based on Judge Wellner's finding of probable cause to believe that **STEPHENSON** possessed a firearm at the RESIDENCE.

7. The Metropolitan Police Department (MPD) Emergency Response Team (ERT) executed the WARRANT at the RESIDENCE at approximately 6:04 a.m. on Friday December 16th, 2022. The RESIDENCE is a two-story apartment, with three bedrooms located on the second floor which is accessible only by a staircase inside the residence.

8. Upon entry into the RESIDENCE, ERT members observed **STEPHENSON's** brother, R.S., in a living room/bedroom area on the first floor with an unidentified female. MPD Detectives were aware prior to executing the WARRANT that R.S. lives at the RESIDENCE and is a paraplegic who is permanently confined to the wheelchair. ERT also encountered R.A., **STEPHENSON's** stepfather, who was coming down the stairs as the ERT team made entry.

9. ERT then moved upstairs and checked the three bedrooms on the second floor. ERT discovered **STEPHENSON** and his mother, J.A., inside a bedroom that they classified as Bedroom One. MPD detectives determined that Bedroom One was utilized by R.A. and J.A. based on the contents of that bedroom.

10. ERT members also encountered N.S., **STEPHENSON's** sister, alone inside of a bedroom that they classified as Bedroom Two. MPD Detectives concluded that N.S. occupied Bedroom Two based on the contents of that bedroom.

11. ERT members encountered K.C., **STEPHENSON's** female guest, alone inside of a bedroom that they classified as Bedroom Three. MPD Detectives determined that Bedroom Three was utilized by **STEPHENSON**, based on their discovery of numerous items of mail matter addressed to **STEPHENSON**, and multiple photo ID's issued to **STEPHENSON**, inside Bedroom Three. In addition to **STEPHENSON's** mail matter and photo IDs, MPD Detectives discovered and seized the following items from bedroom three:

- one large plastic bag containing 1.183 pounds of marijuana from inside a backpack;
- 13 rounds of .40 caliber ammunition from inside the same backpack;
- zip lock sandwich bags from the top of the dresser;
- one digital scale from the top of the dresser;
- one digital scale from inside the dresser;
- one 13-round Glock pistol magazine, from inside the dresser;
- $949.00 in cash from the top of the dresser;
- one Apple iPhone belonging to **STEPHENSON** from the top of the dresser.

Based on my training and experience, I am aware that the weight of the marijuana seized from bedroom three, as well as the presence of digital scales and zip lock sandwich bags, are all consistent with the distribution of marijuana rather than possession for personal use.

12. In a hall closet adjacent to Bedroom Three, MPD Detectives discovered and seized one Mini Draco, 7.62 x 39mm caliber semi-automatic Mini Draco assault rifle, serial number PD-8284-2016 RO. The Mini Draco was loaded with one round of 7.62 x 39mm ammunition in the chamber and seven rounds of 7.62 x 39mm ammunition in a 20-round magazine. Inside the same closet, MPD officers discovered a second, 20-round magazine containing 20 rounds of 7.62 x 39mm ammunition and a bulletproof vest.

13.    Based on the foregoing, your affiant asserts that there is probable cause to conclude that, on or about December 16, 2022, in the District of Columbia, **JOSHUA STEPHENSON** violated 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(D), which make it a crime to possess marijuana with the intent to distribute it; and 18 U.S.C. § 924(c)(1)(b)(i), which makes it a crime to use, carry, or possess a semi-automatic assault rifle during, in relation to, or in furtherance of a drug trafficking crime.

_____
Special Agent Joshua Rothman
Federal Bureau of Investigation

Subscribed and sworn by telephone pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on December 21, 2022.

_____
HON. MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE